JWV/PAC: November 2011
INFORMATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WELLINGTON MONROE PHILLIPS, II | ) |

## INFORMATION

**COUNT ONE** [18 U.S.C. § 1344(2)]

The United States Attorney charges that:

1. From on or about January 1, 2004, until on or about June 30, 2011, in Jefferson County, within the Northern District of Alabama, the defendant,

**WELLINGTON MONROE PHILLIPS, II,**

did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of First Commercial Bank, a financial institution then insured by the Federal Deposit Insurance Corporation ("FDIC"), and by means of false and fraudulent pretenses, representations, and promises.

2. It was part of the scheme and artifice that the defendant, while

employed with Interconn Resources, Inc., ("INI"), would and did create checks made payable to himself from the bank accounts of INI, held with First Commercial Bank.

3.   It was further a part of the scheme and artifice that the defendant would and did alter INI's Quickbooks system and replace the entries that contained his name for these fraudulently obtained checks with the names of actual vendors with which INI conducted business.

4.   It was further a part of the scheme and artifice that the defendant would and did obtain the bank statements from First Commercial Bank, remove his name as the recipient of the monies from INI's bank account and insert the name of the corresponding INI vendor.  As a result, the internal records and bank statements reviewed by INI's corporate officers would be consistent.

5.   It was further a part of the scheme and artifice that defendant would and did alter and falsify documents, to-wit: INI's Quickbook records and INI's bank statements from First Commercial Bank, in order to conceal his theft of corporate funds.

All in violation of Title 18, United States Code, Section 1344(2).

**NOTICE OF FORFEITURE:**
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)).

The United States Attorney charges that:

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

2. Upon conviction of the offense alleged in violation of Title 18, United States Code, Section 1344 set forth in Count One of this Indictment, defendant, **WELLINGTON MONROE PHILLIPS, II.**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property constituting, or derived from proceeds obtained, directly or indirectly, as a result of such violation(s). The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGEMENT**: A sum of money equal to **$1,158,427.00** in United States currency, representing the amount of proceeds obtained as a result of the offense alleged.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above. All pursuant to 18 U.S.C. § 981(a)(1)(C).

                JOYCE WHITE VANCE
                United States Attorney

                PATRICK CARNEY
                Assistant United States Attorney