FILED

2011 Nov-02  AM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) **Case No.** 2:11·CR·398·RDP·PWG |
| | ) |
| **WELLINGTON MONROE PHILLIPS, II.** | ) |
| **Defendant** | ) |

## <u>PLEA AGREEMENT</u>

The United States of America and Defendant **WELLINGTON MONROE**

**PHILLIPS, II.,** hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information

filed in the above numbered and captioned matter; (ii) consent to entry of an order of

forfeiture as explained in paragraph IX, below, and (iii) pay the special assessment fee

as recommended by the United States in paragraph III(e), below.  In exchange, the

United States Attorney, acting on behalf of the United States and through the

undersigned Assistant United States Attorney, agrees to (i) recommend the disposition

specified below.

WMP

Defendant's initials                Page 1 of 16

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), as charged in **COUNT ONE**, is:

      a.    Imprisonment for not more than 30 years;

      b.    A fine of not more than $1,000,000, or,

      c.    Both (a and b);

      d.    Supervised release of not more than 5 years; and

      e.    Special Assessment Fee of $100 per count.

The Parties understand that the statutory **Forfeiture amount** is **$1,158,427.00**, as indicated in the Notice of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

### II. FACTUAL BASIS FOR PLEA:

The United States would be prepared to prove the following facts at the trial of this case:

WMP
_____
Defendant's initials

On September 26, 2011, law enforcement was contacted regarding the possible embezzlement of corporate funds by a former employee at Interconn Resources, Inc., which is a company located in Birmingham, Alabama.

Agents then contacted the employees of INI and learned that **WELLINGTON MONROE PHILLIPS, II.,** (hereinafter "Phillips), who was the former controller for INI, had recently been let go by the company due to a phasing out of his position. Agents learned that **PHILLIPS** first started working at INI as the controller in 2003. Agents were told that after **PHILLIPS** had left the company, they started noticing irregularities in the accounts and financial records of INI.  As the company's controller, **PHILLIPS** was responsible for the book keeping and maintenance of INI's various accounts.  As result, a full accounting of INI's records was conducted and it was determined that **PHILLIPS** had been embezzling monies from INI going back to the beginning of 2004.

Agents were advised that according to the bank records obtained, and upon comparing them with INI's Quickbooks accounting system, they were able to conclude that **PHILLIPS** had embezzled $1,158,427.00 from INI.  Employees determined that **PHILLIPS** first began embezzling corporate funds in 2004 and his embezzlement continued until June of 2011.  Employees with INI determined that

WMP
Defendant's initials                    Page 3 of 16

**PHILLIPS** would regularly issue checks made payable to himself in various amounts. These monies were in addition to the salary received by **PHILLIPS** and INI officials advised that he was not authorized to withdraw these monies. Employees at INI also advised that **PHILLIPS** did not have signatory authority to write checks from the accounts of INI. Agents were told that the corporate accounts of INI were held at First Commercial Bank. First Commercial Bank was an FDIC insured financial institution throughout the entire duration that **PHILLIPS** was embezzling funds from the accounts of INI that were held in the care and custody of this institution.

Agents were then advised that **PHILLIPS** would go into the company's Quickbooks accounting system, delete his name from the record indicating that he had been issued a company check. **PHILLIPS** would then insert the name of a vendor that was conducting legitimate business with INI to make it appear that the vendor had received payment from INI. Agents then learned that **PHILLIPS,** upon receiving the bank statements for INI from First Commercial Bank, would cut and paste those documents in order to remove his name and insert the vendor's name he had previously and falsely entered in INI's Quickbooks accounting system. This was done to ensure that the internal documents of the company would comport with the statements received from the bank. Employees confirmed the scheme once they

WMP
_____
Defendant's initials          Page 4 of 16

obtained copies of statements held at First Commercial Bank and noted the changes between the bank's copy and those presented by **PHILLIPS** to other company officials.

**The defendant hereby stipulates that the facts as stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.**

**WELLINGTON MONROE PHILLIPS, II.**

## III.   **STIPULATED SENTENCE**

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., the government and the defendant hereby stipulate that the following is the appropriate disposition of this case:

(a)   That the defendant be awarded an appropriate reduction in offense level for acceptance of responsibility;

(b)   That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of **48 months**;

(c)   That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as

WMP
Defendant's initials

Page 5 of 16

set forth in U.S.S.G § 5D1.3, and to the following special condition(s): [Special Conditions];

(1)   The defendant shall make full payment of restitution as outlined in paragraph III(c), *below*;

(2)   Full restitution shall be due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(3)   If the Court permits the defendant to pay the restitution in increments, such payments must be made in compliance with the payment schedule set by the Court; and

(4)   The defendant shall not establish any new lines of credit without permission from the United States Probation Office or the Court;

(d)   That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

WMP
_____
Defendant's initials          Page 6 of 16

(e)     That the defendant pay a special assessment fee of $ 100.00, said amount due and owing as of the date sentence is pronounced.

(f)     The defendant agrees to pay restitution in the amount of **$1,158,427.00** on the date sentence is pronounced to Interconn Resources, Inc.

> Interconn Resources, Inc. (INI)
> 2000A Southbridge Parkway #330
> Birmingham, AL 35209-7722

If any other restitution becomes known to the government before the date of sentencing, the government reserves the right to request additional restitution; and

(g)     The defendant consents to entry of an Order of Forfeiture in the amount of **$1,158,427.00**.

In the event that the court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea of guilty pursuant to the provisions of Rule 11(d)(2)(A)   Fed.R.Crim.P.

## IV.    <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

WMP
_____
Defendant's initials                 Page 7 of  16

In consideration of the recommended disposition of this case, I, WELLINGTON MONROE PHILLIPS, II., hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, forfeiture, and/or sentence the court might impose upon me.  Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

 (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

 (b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed; and

 (c) A claim of ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further

WMP
_____
Defendant's initials    Page 8 of 16

acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, WELLINGTON MONROE PHILLIPS, II., hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

WELLINGTON MONROE PHILLIPS, II.

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.   AGREEMENT IS BINDING ON COURT

Pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., the recommendation for 48 months imprisonment **BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT.** The defendant may withdraw his plea of guilty,

WMP
Defendant's initials

Page 9 of 16

pursuant to Rule 11(d)(2), <u>Fed.R.Crim.P.</u>, if the court rejects the plea agreement under Rule 11(c)(5).

However, as to any other terms and conditions of the sentence, other than the term of imprisonment, the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Parties, other than the 48 month term of imprisonment, is **NOT BINDING UPON THE COURT,** and that the Court need not accept any other recommendations.   Further, the defendant understands that if the Court does not accept the Parties' recommendations, he does not have the right to withdraw his plea, other than the right previously addressed, as to the term of imprisonment, under Rule 11(d)(2).

## VII. <u>VOIDING OF AGREEMENT</u>:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by

any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VIII. <u>OTHER DISTRICTS AND JURISDICTIONS:</u>

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. <u>TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:</u>

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

**PHILLIPS** consents to entry of an Order of Forfeiture against him, pursuant to Fed. R. Crim. P. 32.2(b)(1), in the amount of **$1,158,427.00**, and acknowledges that such amount represents or is traceable to the amount of proceeds he obtained as a result of the criminal offense to which he is pleading guilty. **PHILLIPS** further acknowledges that the government is authorized under law to seek the forfeiture of any and all assets of the defendant as substitute assets for the purpose of satisfying the forfeiture judgment until the same is satisfied in full. In the event the government pursues forfeiture of any substitute assets in full or partial satisfaction of the



Defendant's initials          Page 11 of 16

outstanding forfeiture judgment, **PHILLIPS** agrees not to contest the forfeiture of any such asset(s), and agrees to cooperate and undertake all steps necessary to pass clear title to those assets to the government.

**PHILLIPS** acknowledges that he possesses an interest in the following assets that may be subject to forfeiture as substitute assets to satisfy, in whole or in part, any outstanding forfeiture judgment:

1.  2006 Nissan Murano, VIN #JN8AZ08W26W533321;

2.  2008 Mercedes ML 350, VIN #JGBB86E08A406396;

3.  2005 BMW X3, VIN #WBXPA93475WD05326;

4.  Union State Bank Account Number XXXXX1851, with an approximate value of $25,000.00 as of October 7, 2011;

5.  Real property located at 3924 Forest Glen Drive, Birmingham, Alabama 35213 (Lots 1-A and 1-B).

**PHILLIPS** acknowledges that the government is not limited to the above-listed assets with respect to forfeiture of substitute assets, and that the government may, in its discretion, pursue other assets belonging to **PHILLIPS** not herein named. **PHILLIPS** agrees not to transfer, sell, pledge, convey, encumber, refinance, or otherwise dispose of any assets held by him as of the date of this Plea Agreement,

WMP
_____
Defendant's initials          Page 12 of 16

whether or not listed above, pending a final determination of the forfeitability of those assets.

**PHILLIPS** agrees to waive any Double Jeopardy challenges that he may have to the entry of a Forfeiture Order before sentencing. **PHILLIPS** agrees to waive any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this information and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

**PHILLIPS** hereby waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

## X. <u>DEFENDANT'S UNDERSTANDING</u>:

I have read and understand the provisions of this agreement consisting of 16 total pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that

WMP
_____
Defendant's initials           Page 13 of 16

by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

Metformin HCL, Lipitor, Metoprolol, Effient, Tricor & Baby Asprin

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and

WMP
_____
Defendant's initials                    Page 14 of 16

approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

_____
DATE

**WELLINGTON MONROE PHLLIPS, II.**
**Defendant**

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses.  My client has conveyed to me that he understands this Agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

_____
**DATE**

**WILLIAM MYERS, ESQ.**
**Defendant's Counsel**

_____
Defendant's initials

Page 15 of  16

## XII. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>:

I have reviewed this matter and concur that the plea and disposition set forth

herein are appropriate and are in the interests of justice.

**JOYCE WHITE VANCE**
**United States Attorney**

_____   _____
      **DATE**                **PATRICK CARNEY**
                              **Assistant United States Attorney**

_____
WMP
Defendant's initials          Page 16 of 16